[Cite as *State v. Ackley*, 2014-Ohio-876.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-04-010 |
| | : | O P I N I O N |
| - vs - | | 3/10/2014 |
| | : | |
| TIMOTHY S. ACKLEY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20120051

Stephen J. Pronai, Madison County Prosecuting Attorney, Eamon P. Costello, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Jeffrey A. McCormick, 122 South Main Street, Washington C.H., Ohio 43162, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Timothy Ackley, appeals his convictions in the Madison County Court of Common Pleas after entering guilty pleas to aggravated vehicular homicide.

{¶ 2} During the morning and afternoon hours of April 7, 2012, Ackley played golf and consumed alcohol at the Thornapple Golf Course. Ackley later drove his pickup truck away from the golf course, and multiple witnesses saw Ackley drive erratically, veer off the

roadway, and speed. Ackley continued to speed along St. Rt. 142 near Gregg Road in Madison County, and at approximately 80 m.p.h., went off the road. Ackley's truck veered into the ditch, hit a drainage pipe, and went airborne. After reentering the roadway, Ackley's truck crossed the center line of the roadway, directly into the path of a motorcycle traveling in the opposite direction and occupied by two individuals. Ackley's truck hit the motorcycle, ejecting the two riders who became pinned under Ackley's truck. Both riders were killed.

{¶ 3} Several drivers stopped and tried to offer assistance to the two motorcycle riders and Ackley. These motorists saw Ackley move his truck back and forth, trying to drive it away while the bodies of the motorcyclists were still partially pinned beneath the truck. The other drivers stopped Ackley from fleeing the scene and also stopped him from trying to lift and drag the victims' bodies away from his truck. The drivers also heard Ackley making arrangements over the phone for someone to come and pick him up, and take him away from the scene.

{¶ 4} Eventually, police arrived at the scene and interviewed the drivers who had stopped. The drivers indicated to the officers that Ackley smelled of alcohol and shared their belief that he was intoxicated. Ackley was arrested and ultimately charged with two counts of aggravated vehicular homicide. Ackley then made various statements to officers, warning them that he was in the KKK and would bring the weight of the "clan" down upon the officers. Ackley also became very belligerent while officers were investigating the accident.

{¶ 5} Ackley filed a motion to suppress the statements he made to police during the investigation. The trial court considered Ackley's motion to suppress, and overruled the motion. The matter then proceeded to trial. On the morning that Ackley's trial was set to commence, Ackley pled guilty to both counts of aggravated vehicular homicide as charged in the indictment. During the plea hearing, the trial court indicated that while there was a presumption of a prison sentence, such sentence was not mandatory and that Ackley could

theoretically be placed on community control instead of receiving a prison sentence. The trial court then ordered a presentence investigation, and ordered sentencing to occur at a later date. After considering the presentence investigation, as well as the victim impact statements, the trial court imposed eight-year sentences for each count, and ran the sentences consecutively for an aggregate sentence of 16 years. Ackley now appeals his convictions and sentence, raising the following assignment of error.

{¶ 6} APPELLANT'S GUILTY PLEAS WERE NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE DUE TO THE TRIAL COURT'S FAILURE TO COMPLY WITH CRIMINAL RULE OF PROCEDURE 11(C)(2)(a).

{¶ 7} Ackley argues that his plea was not constitutionally sound because the trial court failed to advise him that a mandatory prison sentence is required as a result of an aggravated vehicular homicide conviction.

{¶ 8} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. Crim.R. 11(C) governs the process whereby a trial court may properly accept a guilty plea in a felony case as being knowingly, intelligently, and voluntarily made. According to Crim.R. 11(C)(2).

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no

contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights. *Veney* at ¶ 31. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. *Id.* Regarding the nonconstitutional notifications, a trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b). *Id.* An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 10} Ackley was charged with two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1), which provides in relevant part, "no person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another * * * in any of the following ways: as the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance." R.C. 4511.19 is specific to driving under the influence of alcohol. A conviction for violating R.C. 2903.06(A)(1) requires the imposition of a mandatory prison term. R.C. 2903.06(B)(2).

{¶ 11} According to Crim.R. 11(C)(2)(a), one of the duties the trial court has when determining whether a defendant's guilty plea is made knowingly, intelligently, and voluntarily, is to advise the defendant at the sentencing hearing that the defendant is not eligible for probation or for the imposition of community control sanctions. The facts indicate that the trial court failed to notify Ackley that he was subject to a mandatory sentence, and was not eligible for community control. In fact, the trial court stated that Ackley could "theoretically" receive a community control sanction, rather than a prison sentence. Because of the trial court's misstatement regarding sentencing, it did not strictly comply with the rule so that we must now determine whether the trial court's colloquy was in substantial compliance with Crim.R. 11(C)(2)(a).

{¶ 12} After reviewing the record, and based upon the totality of the circumstances surrounding the plea, we do not find that Ackley subjectively understood the implications of his plea and the rights he waived. The trial court failed to inform Ackley that convictions for aggravated vehicular homicide required a mandatory prison term and that he was not eligible for community control. To further enhance the misunderstanding Ackley had of his plea, the trial court erroneously informed Ackley that it was theoretically possible that no prison sentence would be imposed, and instead, that he was eligible for community control.

{¶ 13} Given the misstatement that he could possibly receive no term of incarceration upon conviction, we cannot conclude that Ackley would have otherwise made his plea. This is especially true where Ackley decided to change his plea on the morning of trial, and there was no extended period of negotiation between him and the state to reach a plea agreement. According to the state's brief, Ackley "somewhat unexpectedly to the State and the court" elected to change his plea, and did not receive anything, such as a diminution in charges or a suggested lenient sentence, in return for his plea.

{¶ 14} Once he proceeded to the plea hearing, Ackley was erroneously told that he

may be spared prison time, and the entry of waiver and plea form that Ackley signed also erroneously stated that prison time was not mandatory. The plea form lists possible sanctions to include: residential sanctions; nonresidential sanctions; financial sanctions; and/or local rules of supervision. Therefore, at no time prior to pleading guilty was Ackley properly informed that he would face mandatory prison time, and we cannot say that Ackley would have tendered his plea despite the trial court's error. Therefore, Ackley has demonstrated that he was prejudiced by the misinformation he received, and his plea was rendered involuntary.

{¶ 15} Having found that Ackley's guilty plea was not voluntary, his sole assignment of error is sustained.

{¶ 16} Judgment reversed and the matter is remanded for further proceedings.

HENDRICKSON, P.J., and M. POWELL, J., concur.