[Cite as *State v. Ratliff*, 2014-Ohio-2677.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-24 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-332 |
| v. | : | |
| | : | |
| LAWRENCE A. RATLEFF, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of June, 2014.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JANE A. NAPIER, Atty. Reg. #0061426, Champaign County Prosecutor's Office, 200 North Main street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

LAWRENCE A. RATLEFF, #A678-639, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant, *pro se*

DANIEL A. PERRY, Atty. Reg. #0087548, 123 Boggs Lane, Cincinnati, Ohio 45246
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Lawrence A. Ratleff, Jr. appeals from his conviction and sentence for Possession of Heroin and Tampering with Evidence.  Ratleff's appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that counsel found no potential assignments of error having arguable merit.

{¶ 2}    Pursuant to *Anders*, we have accorded Ratleff the opportunity to file his own, pro se brief, and he has filed a brief.  In that brief, Ratleff contends that the trial court abused its discretion in running his prison sentences in this case consecutive to prison sentences that were imposed in another criminal case; his guilty plea was not made knowingly, intelligently, and voluntarily; he received ineffective assistance of trial counsel; and the trial court failed to follow the mandates of Crim.R. 11(C).

{¶ 3}    We conclude that none of the potential assignments of error raised by Ratleff in his brief have arguable merit.  Furthermore, after independently reviewing the record in accordance with our duty under *Anders*, we have found no potential assignments of error having arguable merit.  Accordingly, the judgment of the trial court is Affirmed.


## I. Course of the Proceedings

{¶ 4}    In December 2012, a Champaign County Grand Jury indicted Ratleff on one count of Trafficking in Heroin, in violation of R.C. 2925.03, a felony of the third degree; one count of Possession of Heroin, in violation of R.C. 2925.11, a felony of the third degree; and one count of Tampering with Evidence, in violation of R.C. 2921.12, a felony of the third degree. Pursuant to a plea agreement with the State, Ratleff pled guilty to the Possession of Heroin and

Tampering with Evidence counts, and the Trafficking in Heroin count was dismissed.

{¶ 5} The trial court found Ratleff guilty of the two counts and sentenced him to 24 months in prison on the Possession of Heroin count and to 12 months on the Tampering with Evidence count. The trial court ordered these two sentences to run concurrently with one another, but consecutively to a prison term previously imposed upon Ratleff in a Union County criminal proceeding.

{¶ 6} Ratleff appeals from the judgment of conviction and sentence. Ratleff's appointed counsel filed a brief pursuant to *Anders v. California*, *supra*, indicating that there are no meritorious issues presented on appeal. In *Anders* cases we are charged with conducting an independent review of the record to determine "whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Internal citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. An appeal is frivolous if it "presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id.* at ¶ 8.

{¶ 7} Ratleff's counsel identified one potential assignment of error, which is addressed in Part II, below. By Magistrate's Order, this court advised Ratleff that his appointed counsel had filed an *Anders* brief and informed him of the significance of an *Anders* brief. Furthermore, this court invited Ratleff to file his own, pro se brief within 60 days of the Magistrate's Order. After filing multiple motions for extension of time, Ratleff filed a brief stating that his inability to

obtain copies of the transcripts from the plea and sentencing hearings prevented him from citing to errors committed by the trial court. However, Ratleff requested that we independently review the record, paying particular attention to four issues, which are addressed in Parts II through V, below.

## II. The Trial Court Did Not Abuse its Discretion
## by Imposing Consecutive Sentences

{¶ 8} Although Ratleff's appointed counsel asserts that there are no arguably meritorious issues raised on appeal, he identified the following potential assignment of error[1] for our consideration:

{¶ 9} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN RUNNING APPELLANT'S CONVICTION AND SENTENCE IN CHAMPAIGN COUNTY CONSECUTIVE TO APPELLANT'S CONVICTION AND SENTENCE IN UNION COUNTY.

{¶ 10} R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that: (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4).

{¶ 11} In most cases, "[t]he trial court is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing

---

[1] In his appellate brief, Ratleff also asked us to review this issue.

consecutive sentences. * * * Nevertheless, the record must reflect that the court made the findings required by the statute." *State v. Temple*, 2d Dist. Clark No. 2012-CA-65, 2013-Ohio-3843, ¶ 21, quoting *State v. Hubbard*, 10th Dist. Franklin No. 11AP-945, 2013-Ohio-2735, ¶ 86.

{¶ 12} At the sentencing hearing, Tr. 20, the trial court stated, in part:

The Court imposes the following terms of imprisonment. Count Two imprisonment of 24 months to the Ohio Department of Rehabilitation and Corrections.

Count Three, 12 months to the Ohio Department of Rehabilitation and Corrections. Those sentences are consecutive - - are concurrent to one another making a total sentence in Champaign County of 24 months to the Ohio Department of Rehabilitation and Corrections.

But the sentences are consecutive to Union County. In imposing consecutive sentences, the Court finds that necessary – sentencing is necessary to protect the public from future crimes or punish the defendant. Consecutive sentences are not disproportionate to the seriousness of the conduct and to the danger defendant poses to the public, and the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crimes by the defendant.

Mr. Ratleff, the Court accepts in part your explanation of why you had 67 unit doses on you in Champaign County, but the Court can't overlook the fact that you had 140 the day before. The Court also can't overlook the fact that you had

led a law-abiding life for a significant period of time. Therefore, the Court tried to find a sentence that balanced both of those factors.

{¶ 13} When imposing Ratleff's sentence, the trial court made the findings required by R.C. 2929.14(C)(4), including specifically the finding set forth in subdivision (c) that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. We do not "clearly and convincingly" find either that the record does not support the trial court's findings under R.C. 2929.14(C)(4), or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.). Furthermore, considering the abuse of discretion standard, which Ratleff suggests in his appellate brief, we conclude that the trial court did not abuse its discretion by imposing consecutive sentences.

{¶ 14} We conclude that this potential assignment of error has no arguable merit.

### III. The Trial Court Informed Ratleff of the Possibility of Consecutive Sentences

{¶ 15} The first of the potential assignments of error proposed in Ratleff's pro-se brief states:

APPELLANT [SIC] GUILTY PLEA WAS NOT MADE VOLUNTARILY, INTELLIGENTLY, AND WITH AN UNDERSTANDING THAT HIS CONVICTION IN CHAMPAIGN COUNTY, WOULD NOT BE RUN CONCURRENTLY WITH HIS CONVICTION IN UNION COUNTY.

{¶ 16} Ratleff's sole contention relating to this assignment of error appears to be that he was not aware that his sentence in the Champaign County case could be run consecutively to, as

opposed to concurrently with, his sentence in the Union County case. Consequently, he contends that his plea could not have been knowing, voluntary, and intelligent.

{¶ 17} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7.

{¶ 18} At the plea hearing, Tr. 10-11, the trial court explained the possibility of the prison sentences imposed in this case being ordered to run consecutively to the sentences imposed in the case in Union County:

> THE COURT: * * * At the time of sentencing, whenever that is, the Court has to decide whether the sentences are to be served consecutive or concurrent. Consecutive means that the sentences are served one right after the other. Concurrent means they're served at the same time. If you were to receive maximum consecutive sentencing for Counts Two and Three, you would face up to a 10-year term of imprisonment, up to a $20,000 fine. Do you understand that?

> THE DEFENDANT: I thought the max would be five years. I mean, six years.

> THE COURT: You know, you're correct. I'm using old law.

> THE DEFENDANT: Oh, okay.

> THE COURT: Thank you for that correction. So, yeah, it would be up to

six years. I mean, it would be maximum consecutive sentencing is six years. Maximum consecutive fine is $20,000. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In addition, it appears that you may have some criminal offenses in Union County that you have to face based on your representation. That there are – that there are two felonies of the third degree offenses. We are going to presume that because they're drug related those two are three-year sentences, and that those two would also carry maximum consecutive sentences of six years. The Court that sentences you last is the Court that determines whether your case runs consecutive to or concurrent with another county. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: So all tolled, [sic] you could be entering a process where your maximum consecutive sentencing is a 12-year sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

{¶ 19} The trial court explained to Ratleff that there was a possibility that his sentences in this case could be ordered to run consecutively to his sentences in Union County. Ratleff stated that he understood this. Consequently, we find no arguable merit to this potential assignment of error.

**IV. The Record Fails to Demonstrate that Ratleff Has**

**Received Ineffective Assistance of Trial Counsel**

{¶ 20}   The second proposed assignment of error in Ratleff's pro se brief states:

APPELLANT [SIC] TRIAL COUNSEL COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO EXPLAIN TO APPELLANT THE CONSEQUENCES OF HIS PLEA, AND THAT BY ENTERING A PLEA OF GUILTY HIS CONVICTION IN EITHER COUNTIES COULD BE RAN CONSECUTIVE.

{¶ 21}   A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   A reviewing court "must indulge in a strong  presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 22}   We have found nothing in the record to indicate that Ratleff's trial counsel failed to explain the consequences of his plea and the fact that his sentences in this case could be ordered to run consecutively to his sentences in Union County.  Furthermore, the trial court explained to Ratleff at the plea hearing that it was possible that Ratleff's sentences in this case would be ordered to run consecutively to any sentences imposed in the Union County case.  Ratleff stated to the trial court that he understood this explanation.   Indeed, Ratleff corrected the

trial court at one point regarding the maximum sentences that he could receive. Consequently, even if we were to assume that Ratleff's trial counsel failed to inform him of this fact, it is clear that Ratleff understood the possibility and import of receiving consecutive sentences when he tendered his plea. Therefore, he cannot show any prejudice resulting from his counsel's alleged deficiency.

**{¶ 23}** This proposed potential assignment of error has no arguable merit.

### V. The Trial Court Complied with Crim.R. 11(C)

**{¶ 24}** The fourth potential assignment of error proposed in Ratleff's pro se brief states:

THE TRIAL COURT FAILED TO FOLLOW THE MANDATE OF CRIMINAL RULE 11(C)(a)(b) [SIC], WHEN ADDRESSING APPELLANT PERSONALLY ABOUT THE EFFECT OF HIS GUILTY PLEA.

**{¶ 25}** We construe this proposed potential assignment of error as asserting that the trial court failed to comply with Crim.R. 11(C)(2), which governs the process a trial court must follow to ensure a guilty plea to a felony charge is knowing, intelligent, and voluntary. According to Crim.R. 11(C)(2):

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the

imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 26} We have reviewed the entirety of the plea transcript and conclude that the trial court satisfied the requirements set forth in Crim.R. 11(C)(2). The trial court asked a series of questions to confirm that Ratleff understood the nature of the charges against him, the potential penalties that could be imposed if he was found guilty, the effect of a guilty plea, and the rights that Ratleff was giving up by pleading guilty. The trial court also asked a series of questions to determine whether Ratleff was entering into his plea voluntarily.

{¶ 27} This proposed potential assignment of error has no arguable merit

**VI. We Find No Other Potential Assignments of Error Having Arguable Merit**.

{¶ 28} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record. We agree with appellate counsel that there are no potential assignments of error having arguable merit.

## VII. Conclusion

{¶ 29}   Because we have found no potential assignments of error having arguable merit, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Lawrence A. Ratleff
Daniel A. Perry
Hon. Nick A. Selvaggio