[Cite as *State v. Brune*, 2014-Ohio-5742.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                  :

    Plaintiff-Appellee,                       :           CASE NO.   CA2014-02-058

    - vs -                                          :           O P I N I O N
                                                          12/30/2014
                                                    :

ERIC JOSEPH BRUNE,                       :

    Defendant-Appellant.                  :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-03-0349


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Eric Brune, appeals a decision of the Butler County Court of Common Pleas, accepting his guilty plea for illegal manufacture of drugs.

{¶ 2}   Brune was charged with illegal cultivation of marijuana, possession of marijuana, and illegal manufacture of drugs after police surveillance revealed that Brune was involved in a marijuana and mushroom growing operation.  Brune was appointed counsel, who performed discovery and filed a motion to suppress evidence seized during the police

search.  The trial court denied Brune's motion to suppress, and the matter proceeded on a course toward trial.

{¶ 3}  On the Friday before the trial was to begin, Brune agreed to enter a guilty plea in return for the state agreeing to merge the first two counts into the illegal manufacture of drugs count.  The state also agreed to not take a position on sentencing.

{¶ 4}  During the plea hearing, Brune expressed that he felt somewhat forced into taking the plea agreement because he was not satisfied with his representation thus far and wanted to obtain different counsel.  After the trial court continued to ask Brune questions about moving forward with the plea or going to trial, Brune pled guilty.  The trial court accepted the plea as knowingly, intelligently, and voluntarily made, and later sentenced Brune to four years in prison.

{¶ 5}  Brune now appeals the trial court's acceptance of his plea, raising the following assignment of error.

{¶ 6}  THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ACCEPTED HIS GUILTY PLEA.

{¶ 7}  Brune argues in his assignment of error that the trial court erred by accepting his guilty plea because such was not made knowingly, intelligently, and voluntarily.

{¶ 8}  "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8. Crim.R. 11(C)(2) governs the process a trial court must follow to ensure that a guilty plea to a felony charge is knowing, intelligent, and voluntary.  *Id.* at ¶ 8.

{¶ 9}  According to Crim.R. 11(C)(2):

In felony cases the court may refuse to accept a plea of guilty or

a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} The trial court must maintain strict compliance with the notification requirements for constitutional rights identified in Crim.R. 11(C)(2)(c), otherwise the defendant's plea is invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. However, with respect to the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b), the trial court need only substantially comply. *Id.* at ¶ 14.

{¶ 11} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). To show that a trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b), and therefore that the appellant did not enter his plea knowingly, intelligently, and voluntarily, an appellant must demonstrate both that he failed to subjectively understand the consequences of his plea, and that he was prejudiced by this failure. *Veney* at ¶ 16-17.

{¶ 12} During the plea hearing, the trial court began its colloquy by discussing the plea agreement with Brune and validating the terms. Once the trial court began discussing the

consequences of the plea, Brune indicated that he was unhappy with this attorney's representation, but did not state how exactly his trial counsel had failed to render satisfactory representation. When further questioned by the trial court, Brune indicated that he felt somewhat "forced" into the guilty plea because he wanted to "release" his counsel and obtain other counsel. Brune further indicated that he was aware that his trial would go forward the following Monday, and expressed his concern that any new attorney that he would hire would not be prepared for trial.

{¶ 13} The trial court continued to ask questions regarding the representation provided, but Brune did not indicate what his counsel could have done differently to render more effective assistance. When the trial court specifically asked Brune "is there anything else that you think he could have done differently on your behalf?," Brune responded only, "I suppose if my choice is to plead guilty to this or go to trial on Monday ill prepared, then my choice would be to plead guilty to this today."

{¶ 14} At that point, the trial court specifically noted that Brune's attorney had performed the necessary discovery on the case and had filed a motion to suppress, and once again asked Brune what his attorney could have done differently. When Brune then suggested that his attorney could have filed a second motion to suppress, the court explained that once the first motion to suppress was denied, chances were highly unlikely that a second motion would be entertained. After making this explanation, the trial court once again invited Brune to discuss any outstanding issues or to bring to the court's attention other concerns that Brune had. At that point, Brune responded, "no, Your Honor. I don't - - I don't want to create more difficulty. I'm just going to go ahead and proceed with this. I believe [my counsel] has done all he can and I just wish to move forward and get it over with at this point."

{¶ 15} After Brune made his comment regarding moving forward, the trial court stated,

And the other thing that I want to talk with you about before we continue with this process is that you indicated that you felt forced to go to trial – forced to take the plea today if your option was to have a trial or to enter a plea. The Court in no way means to force you to enter this plea. In fact, the plea will have to be knowingly, intelligently, and voluntarily entered on your behalf. And if you don't feel that you can do that then I'm not going to accept the plea this morning. You have every right to have a trial and we're going to go over your trial rights, perhaps, in a few moments, and telling you that you're going to trial on Monday is not in any way, shape, or form intended to keep you from exercising your constitutional right. You do have a right to a trial. We will be prepared to have that trial on Monday and afford you every constitutional right that you have. So, when you're saying that you feel forced into the plea, can you explain to me what you mean by that?

{¶ 16} Brune then stated that while he believed that his attorney had not made adequate preparations, he felt it would be in his "best interest to make the guilty plea and to leave the sentence" in the trial court's "mercy." At that point, the trial court offered Brune a recess in order to discuss with his attorney the possibility of going to trial the following Monday. However, Brune declined the trial court's offer, and instead, stated, "I appreciate the offer, Your Honor. I don't think that would be necessary. Honestly, I apologize for even making this much disturbance in the matter. I'm - - I just wish to proceed with this." The trial court then offered Brune's counsel the opportunity to speak, and counsel indicated that he would have been prepared to go forward with the trial the following Monday, but that Brune indicated his desire to plead guilty despite his preparedness.

{¶ 17} Soon thereafter, the trial court reiterated that the plea must be made knowingly, voluntarily, and intelligently and that Brune had to make the plea of his own free choice and knowing all options he had. Brune then verified that he was making the plea knowingly, of his own free choice, and knowing his options, and pled guilty to the illegal manufacture of drugs charge.

{¶ 18} Despite Brune's contention that he did not subjectively understand the consequences of his plea and that he was forced into pleading guilty because he felt

pressure, we disagree. The record establishes that the trial court strictly complied with the Crim.R. 11 requirements in both the constitutional and nonconstitutional aspects, and that the trial court informed Brune of the implication of his plea.[1] The trial court gave Brune multiple chances to explain the basis for wanting new counsel, and the trial court gave Brune chances to raise issues or ask questions of the trial court regarding the plea. Brune decided to move forward with the plea of his own accord after being fully informed of his rights and the ability to change his mind regarding the plea.

{¶ 19} Moreover, Brune expressly indicated that he wished to move forward and that his plea was knowingly made, of his own accord, and with knowledge of the options he had available to him. Brune's statement is supported by the record because Brune signed the plea form discussing the consequences of his plea and the rights he was waiving by virtue of the plea. Directly above Brune's signature, the plea form document states, "I enter this plea voluntarily." The written plea form was discussed at the plea hearing, and the trial court verified that Brune understood the information contained in the plea form before he decided to sign it. In light of the foregoing considerations, we find that the trial court took the steps necessary to ensure that Brune's plea was constitutionally sound.

{¶ 20} After reviewing the record, we find that the trial court properly accepted Brune's guilty plea as being made knowingly, intelligently, and voluntarily. As such, Brune's sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

RINGLAND, P.J., and HENDRICKSON, J., concur.

---

1. Brune does not challenge any aspect of the trial court's colloquy, only that the plea was not made knowingly, intelligently, and voluntarily because he felt pressure to enter the plea.