[Cite as *State v. Eckler*, 2019-Ohio-4828.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-02-035 |
| - vs - | : | O P I N I O N<br>11/25/2019 |
| | : | |
| ROSS A. ECKLER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-10-1793

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶ 1}   Appellant, Ross Eckler, appeals a decision of the Butler County Court of Common Pleas to accept his guilty pleas for aggravated vehicular assault and operating a vehicle under the influence ("OVI").

{¶ 2}   While under the influence of multiple drugs, Eckler drove his car across the center lane and hit another vehicle head-on.  The crash caused serious physical harm to an

occupant of the other car, and Eckler was charged with aggravated vehicular assault, OVI, and failure to drive on the right half of the roadway. Eckler initially pled not guilty to the charges, but later pled guilty to aggravated vehicular assault and OVI in exchange for the stated dismissing the third charge.

{¶ 3} During the plea hearing, Eckler was informed that the trial court would impose a mandatory prison sentence, with a maximum term of 60 months, for the aggravated assault charge. The trial court also indicated that Eckler could receive credit toward his sentence for employment or educational programming while in prison. Neither the state nor Eckler questioned the trial court regarding the possibility of Eckler receiving credit.

{¶ 4} At a later sentencing hearing, the trial court sentenced Eckler to 42 months for the aggravated vehicular assault charge, indicating that the sentence was mandatory and thus not eligible for judicial release or credit for participation in prison programs. Eckler did not question or object to the trial court's statement. However, Eckler now appeals the trial court's acceptance of his guilty plea, raising the following assignment of error:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. ECKLER IN ITS ACCEPTANCE OF A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 6} Eckler argues in his sole assignment of error that the trial court erred in accepting his guilty plea.

{¶ 7} A defendant's plea in a criminal case is invalid if not made knowingly, intelligently, and voluntarily. *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8. Crim.R. 11(C)(2) governs the process a trial court must follow to ensure that a guilty plea to a felony charge is knowing, intelligent, and voluntary. *State v. Brune*, 12th Dist.

Butler No. CA2014-02-058, 2014-Ohio-5742, ¶ 8.

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(a) thru (c).

{¶ 8} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the court to verify the defendant understands the constitutional rights that he is waiving. *Ackley*, 2014-Ohio-876 at ¶ 9. However, a court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* Upon review, an appellate court must consider the totality of the circumstances surrounding the defendant's plea and determine whether he or she subjectively understood the effects of the plea. *State v. Givens*, 12th Dist. Butler No. CA2014-02-047, 2015-Ohio-361, ¶ 12.

{¶ 9} Even if this court were to find the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b), we must make a further determination as to whether the trial

court at least partially complied. *Id.* at ¶ 13. If the trial court wholly failed to comply, the plea must be vacated. *Id.* If the trial court partially complied, the plea may be vacated only if the defendant demonstrates prejudicial effect. *State v. Coffman*, 12th Dist. Butler No. CA2015-01-014, 2015-Ohio-2990. Prejudicial effect in this context means that the plea would not otherwise have been entered. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 15.

{¶ 10} Eckler does not assert a challenge to the trial court's compliance with the constitutional requirements of Crim.R. 11(C)(2)(c). Instead, Eckler argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) and (b) because it gave him misinformation regarding the possibility of earning credit toward his sentence by participating in various prison programs. While the trial court incorrectly stated that Eckler may have been eligible to earn credit, we find that the trial court nonetheless partially complied with Crim.R. 11 and Eckler can show no prejudicial effect of the misinformation.

{¶ 11} Ohio law is clear that a trial court must inform a defendant of the maximum sentence he or she faces before accepting a guilty plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748. However, there is no requirement that a defendant understand the minimum penalty involved, nor is there is a requirement that a trial court notify a defendant of the possibility of earned credit toward his or her prison sentence. Crim.R. 11(C)(2)(a).

{¶ 12} The trial court expressly informed Eckler of the maximum sentence he was facing, up to 60 months in prison, and Eckler did not question the trial court on the issue of what his maximum sentence would be. Rather, Eckler expressed his understanding of the maximum sentence multiple times, which would include an inherent understanding that the mandatory nature of Eckler's sentence also made him ineligible for community control sanctions, early judicial release, and earned credit. *See State v. Harding*, 4th Dist. Gallia No. 16CA21, 2018-Ohio-942, ¶ 24.

{¶ 13} Additionally, Eckler has not established the requisite prejudice to invalidate his

guilty plea because we cannot conclude from the record that he would not have entered a guilty plea had the trial court taken greater care in advising him during the plea hearing about his ineligibility for earned credit. Rather, the record reflects that Eckler subjectively understood the nature of his sentence and the fact that he would be required to serve a mandatory prison term, especially given the fact that he did not object when the trial court properly indicated during sentencing that Eckler was ineligible for earned credit. Had Eckler's plea been predicated upon his eligibility for earned credit, he would have indicated as much upon the trial court's correct statement of the law during sentencing.

{¶ 14} Eckler relies upon this court's holding in *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, in which we reversed a decision of the trial court to accept a guilty plea where the court failed to comply with Crim.R. 11(C)(2)(a) because it misinformed the defendant that the court could impose community control, grant judicial release, and award credit toward the defendant's sentence. However, the facts of that case differ from the case sub judice because the possibility of the trial court imposing community control negated the mandatory nature of Hendrix's sentence. Here, the trial court never intimated that Eckler was eligible for community control, and instead, expressly told Eckler that he was ineligible for community control given his mandatory sentence. Moreover, as noted earlier, Crim.R. 11(C)(2)(a) requires a trial court to advise the defendant of his or her ineligibility for community control, but does not require any notification regarding earned credit. As such, *Hendrix* is factually distinguishable and is not controlling.

{¶ 15} After a full review of the record, we find that the Eckler's plea was properly accepted by the trial court and that Eckler was not prejudiced by the trial court's statement at the plea hearing that he may be eligible for earned credit. Accordingly, Eckler's assignment of error is overruled.

- 6 -

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.