[Cite as *State v. Parker*, 2020-Ohio-414.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-12-229 |
| | : | O P I N I O N |
| - vs - | | 2/10/2020 |
| | : | |
| CALVIN PARKER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-08-1331


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Law Office of Christopher P. Frederick, Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


**RINGLAND, P.J.**

{¶ 1}  Appellant, Calvin Parker, appeals his conviction in the Butler County Court of Common Pleas for aggravated trafficking in drugs.  For the reasons detailed below, we affirm.

{¶ 2}  Parker sold fentanyl to a confidential informant on three occasions in July 2018. Subsequently, law enforcement obtained a search warrant for his residence leading to the discovery of more fentanyl and tramadol, as well as scales, personal papers, money, and cell

phones.

{¶ 3} On September 5, 2018, Parker was indicted on three counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), fourth-degree felonies; one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a second-degree felony; two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), fifth-degree felonies; and one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a third-degree felony. Two of the counts also included forfeiture specifications.

{¶ 4} On October 23, 2018, Parker entered a guilty plea to one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a second-degree felony, and a forfeiture specification. The remaining six counts were dismissed. On November 27, 2018, the trial court sentenced Parker to a mandatory prison term of six years. Parker now appeals, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 7} In his first assignment of error, Parker alleges he received ineffective assistance of counsel in entering his guilty plea. We disagree.

{¶ 8} A defendant who pleads guilty waives the right to claim ineffective assistance of counsel, except to the extent that counsel's deficient performance caused the plea to be less than knowing and voluntary, which is the argument raised by Parker. *State v. Moxley*, 12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 18.

{¶ 9} To prevail on an ineffective assistance of counsel claim, an appellant must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49; *Strickland v.*

- 2 -

*Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694.

{¶ 10} The failure to satisfy either prong of the Strickland test is fatal to an ineffective assistance of counsel claim. *Clarke* at ¶ 49. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. When applied in the context of a guilty plea, a defendant must also demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Moxley* at ¶ 20.

{¶ 11} Parker claims he received ineffective assistance of counsel for two reasons. First, Parker argues that he pled guilty to a fictitious charge that was unsupported by the record. In so doing, Parker claims that there was no evidence that he sold drugs on July 20, 2018, the charge that he pled guilty to. As a result, Parker claims that, although he could have been found guilty of aggravated trafficking in violation of R.C. 2925.03(A)(2), he could not have been found guilty of R.C. 2925.03(A)(1). Second, Parker claims his trial counsel was deficient for advising him to plead guilty to the second-degree felony based on the bulk amount of the fentanyl and tramadol compound.

{¶ 12} As to his first claim, Parker references police investigative reports detailing his prior drug sales to confidential informants that occurred on July 10, 11, and 17. Parker notes that none of the investigative reports reference any drug sale on July 20. In addition, Parker also disputes that a minor was at his house. However, we find this argument to be unpersuasive because it requires this court, based on the limited record before it, to

speculate that the state could not have presented evidence at trial to prove a drug transaction occurred on July 20, 2018.  Moreover, Parker's position contradicts his statement made during the plea hearing where he affirmatively stated that he agreed with the state's statement of facts.

> STATE: On or about July 20th of this year in Butler County, Ohio, Calvin J. Parker did knowingly sell or offer to sell Fentanyl, a controlled substance which is a compound mixture, preparation, or substance included on a Schedule 1 or 2.  Other than marijuana, cocaine, LSD, heroin or hashish, when the amount of the drug involved equals or exceeds the bulk amount, but is less than five times the bulk amount, and when the offense was committed in the vicinity of a school or in the vicinity of a juvenile, which constitutes the offense of aggravated trafficking in drugs, a 2nd degree felony in violation of 2925.03(A)(1).
>
> And there was also a specification under 2941.1417 in that $231 was found in the Defendant's residence or on the Defendant's person, and is the proceeds of illegal activity, and subject to forfeiture.
>
> * * *
>
> THE COURT: Mr. Parker, do you admit that the Prosecutor's statement of facts is an accurate statement of what happened?
>
> THE DEFENDANT: Yes.

Since Parker's first claim requires speculation and, in fact, is rebutted by his own statements to the trial court, we find his first claim as to ineffective assistance of counsel to be without merit.

{¶ 13} Next, Parker claims his trial counsel was ineffective by advising him to plead guilty based on the "bulk amount" classification of a fentanyl and tramadol compound.  In so doing, Parker alleges that the Ohio Supreme Court in *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22 held that fentanyl could not be classified in "bulk amounts."  However, *Pountney* stands for no such proposition.  Rather, the Court in *Poutney* was "concerned only with the second prong" of the bulk amount definition under R.C. 2925.01(D)(1)(d) concerning

- 4 -

the "maximum daily dose" of a controlled substance. Parker omits reference to the first prong of R.C. 2925.01(D)(1)(d), which defines bulk amount as an "amount equal to or exceeding twenty grams." *See id.* Since this case involves fentanyl in excess of twenty grams and does not concern the "second prong" at issue in *Pountey*, we find Parker could not have availed himself of that defense. As such, Parker again fails to show any deficient performance by his trial counsel on his second claim.

{¶ 14} Accordingly, and following review of the entire record, we find Parker did not receive ineffective assistance of counsel. Parker's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. PARKER IN ITS ACCEPTANCE OF A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 17} In his second assignment of error, Parker argues the trial court erred in accepting his guilty plea. Parker's argument is without merit.

{¶ 18} A defendant's plea in a criminal case is invalid if not made knowingly, intelligently, and voluntarily. *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8. Crim.R. 11(C)(2) governs the process a trial court must follow to ensure that a guilty plea to a felony charge is knowing, intelligent, and voluntary. *State v. Brune*, 12th Dist. Butler No. CA2014-02-058, 2014-Ohio-5742, ¶ 8.

{¶ 19} In felony cases the court shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

> (a)   Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the

defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)    Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)  Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a) thru (c).

{¶ 20} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the court to verify the defendant understands the constitutional rights that he is waiving.  *Ackley*, 2014-Ohio-876 at ¶ 9.  However, a court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b).  *Id.*  Upon review, an appellate court must consider the totality of the circumstances surrounding the defendant's plea and determine whether he or she subjectively understood the effects of the plea.  *State v. Givens*, 12th Dist. Butler No. CA2014-02-047, 2015-Ohio-361, ¶ 12.

{¶ 21} Even if this court were to find the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b), we must make a further determination as to whether the trial court at least partially complied.  *Id.* at ¶ 13.  If the trial court wholly failed to comply, the plea must be vacated.  *Id.*  If the trial court partially complied, the plea may be vacated only if the defendant demonstrates prejudicial effect.  *State v. Coffman*, 12th Dist. Butler No. CA2015-01-014, 2015-Ohio-2990, ¶ 11.  Prejudicial effect in this context means that the plea would not otherwise have been entered.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 15.

{¶ 22} Parker does not challenge the trial court's compliance with the constitutional requirements of Crim.R. 11(C)(2)(c). Instead, Parker argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) because it misinformed him about the possibility of earning credit toward his sentence by participating in various prison programs. While the trial court incorrectly stated that Parker may have been eligible to earn credit, we find that the trial court nonetheless partially complied with Crim.R. 11 and Parker can show no prejudicial effect of the misinformation.

{¶ 23} Ohio law is clear that a trial court must inform a defendant of the maximum sentence he or she faces before accepting a guilty plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 27. However, there is no requirement that a defendant understand the minimum penalty involved, nor is there is a requirement that a trial court notify a defendant of the possibility of earned credit toward his or her prison sentence. Crim.R. 11(C)(2)(a). *State v. Eckler*, 12th Dist. Butler No. CA2019-02-035, 2019-Ohio-4828, ¶ 11.

{¶ 24} The trial court expressly informed Parker of the maximum sentence he was facing, between two and eight years, and Parker did not question the trial court on the issue of what his maximum sentence would be. Rather, Parker expressed his understanding of the maximum sentence, which would include an inherent understanding that the mandatory nature of his sentence also made him ineligible for community control sanctions, early judicial release, and earned credit. *See id* at ¶ 12.

{¶ 25} Additionally, Parker has not established the requisite prejudice to invalidate his guilty plea because we cannot conclude from the record that he would not have entered a guilty plea had the trial court taken greater care in advising him during the plea hearing about his ineligibility for earned credit. Rather, the record reflects that Parker understood the nature of his sentence and the fact that he would be required to serve a mandatory prison term. In

fact, though the trial court informed Parker that he could earn credit towards his prison term, the court noted that, if the reduction applied, he could earn a maximum reduction of eight percent of his term. Under those conditions the maximum reduction in sentence that Parker could have received on an eight-year prison term was slightly less than six months. However, as noted above, the trial court sentenced Parker to less than the eight-year maximum term when it imposed the six-year sentence. Thus, we cannot conclude that Parker's plea was predicated upon his eligibility for earned credit when, in reality, Parker was advised, and understood, that he was subject to a much lengthier prison term than he actually received.

{¶ 26} Parker cites this court's holding in *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, in which we reversed a decision of the trial court to accept a guilty plea where the court failed to comply with Crim.R. 11(C)(2)(a) because it misinformed the defendant that the court could impose community control, grant judicial release, and award credit toward the defendant's sentence. *Id.* at ¶ 26. However, the facts of that case differ from the case sub judice because the possibility of the trial court imposing community control negated the mandatory nature of Hendrix's sentence. Here, the trial court never intimated that Parker was eligible for community control, and instead, expressly told Parker he would receive a mandatory prison term. Moreover, as previously noted, Crim.R. 11(C)(2)(a) requires a trial court to advise the defendant of his or her ineligibility for community control, but does not require any notification regarding earned credit. As such, *Hendrix* is factually distinguishable and is not controlling.

{¶ 27} After a full review of the record, we find that the Parker's plea was properly accepted by the trial court and that he was not prejudiced by the trial court's statement at the plea hearing that he may be eligible for earned credit. Accordingly, Parker's second assignment of error is overruled.

{¶ 28} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.