[Cite as *State v. Donegan*, 2017-Ohio-8520.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                   CASE NO.  6-17-05

     v.

THOMAS J. DONEGAN,                      O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20162155

Judgment Affirmed

Date of Decision:   November 13, 2017

APPEARANCES:

    *Michael J. Short* **for Appellant**

    *Jason M. Miller* **for Appellee**

**ZIMMERMAN, J.**

**{¶1}** Defendant-appellant, Thomas J. Donegan ("Donegan"), appeals the April 12, 2017 sentencing entry of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm the judgment and sentence of the trial court.

**{¶2}** On October 28, 2016, the Hardin County grand jury indicted Donegan on Count One: Rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; and Count Two: Gross Sexual Imposition in violation of 2907.05(A)(4)(C)(2), a felony of the third degree. (Doc. 1).

**{¶3}** On November 8, 2016, Donegan entered a plea of not guilty to both charges and his case was set for a jury trial for January 17, 2017. (Doc. 6).

**{¶4}** On November 16, 2016, Donegan filed a motion for a competency evaluation. The evaluation was ultimately conducted on January 11, 2017 and the competency hearing occurred on February 9, 2017, wherein the trial court found Donegan competent to stand trial. A new trial date was then set for March 30, 2017. (Doc. 26).

**{¶5}** On March 9, 2017, the trial court conducted its final pretrial hearing on the charges at which time Donegan withdrew his plea of not guilty to Count Two and entered a plea of guilty. Pursuant to negotiations, the State dismissed Count One (Rape) of the indictment in exchange for Donegan's guilty plea. (Change of Plea Tr. Pg. 2). At the plea hearing Donegan signed a "Waiver of rights and plea of

guilty" form that reflected his change of plea. (Doc. 30). In accepting Donegan's plea, the trial court found him guilty of Gross Sexual Imposition, and ordered a pre-sentence investigation ("PSI") report. (Doc. 31).

**{¶6}** Donegan was sentenced to a prison term of thirty months which was journalized by the trial court's judgment entry filed April 12, 2017. (Doc. 35).

**{¶7}** On April 19, 2017 Donegan timely filed a notice of appeal raising the following assignment of error.

## ASSIGNMENT OF ERROR

**THE DEFENDANT'S PLEA WAS NOT GIVEN KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.**

**{¶8}** In his sole assignment of error, Donegan asserts that the trial court erred in accepting his guilty plea because it was not made knowingly, intelligently, and voluntarily.

**{¶9}** " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

**{¶10}** Crim.R. 11(C) states:

**(2)** **In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty**

**or no contest without first addressing the defendant personally and doing all of the following:**

**(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

{¶11} "[A] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, citing *Veney*, at ¶31. "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *Id.* However, a trial court is required to only *substantially* comply with the non-constitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* at ¶14. An appellate court reviews that substantial-compliance standard based upon the totality of the circumstances

surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived. *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶20. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶12} In the case *sub judice*, we find that Donegan was properly advised of his constitutional rights under Crim.R. 11 by the trial court. The record establishes that the Court personally addressed Donegan regarding his plea of guilty in accordance with Crim.R. 11(C)(2). Specifically, with respect to Crim.R. 11(C)(2)(b), the record reflects as follows:

> **Court:** **Mr. Donegan, is that your understanding – that you're prepared to enter a plea to the one count, is that what you're gonna do today?**
>
> **Defendant: Yes sir.**
>
> **\* \* \***
>
> **Court:** **Alright. You can turn the page sir. Do you understand, Mr. Donegan, when you plead guilty to a criminal charge, one of the effects of that plea of guilty is that you, in essence, are admitting the facts that form the basis for that charge \* \* \*. Do you understand that?**
>
> **Defendant: Yes sir.**

> **Court:** Do you understand, Mr. Donegan, if I accept your plea today, I legally have the right to go ahead and sentence you today if I want to do that. Do you understand that?
>
> **Defendant:** Yes sir.

(Change of Plea Tr. Pgs. 2, 3, 6).

{¶13} Furthermore, with respect to Crim.R. 11(C)(2)(c), the record states:

> **Court:** Alright. Do you understand, Mr. Donegan, that you share with every citizen in the State of Ohio the right, having been charged with a crime, you have the right to have your guilt or your innocence on this charge determined not by one person, not by me alone, but you have a right to have a jury of twelve citizens of Hardin County chosen – they would be chosen by you and your attorney, as well as the State's attorney, and once chosen, those twelve citizens – we call them a jury – they would be the ones that would determine if you've broken the law. So you understand you have a complete right to a trial by jury?
>
> **Defendant:** Yes sir.
>
> **Court:** Alright. Do you understand by entering this plea of guilty that you're giving up your right to a jury trial?
>
> **Defendant:** Yes sir.
>
> **Court:** Do you understand if you wanted to have a trial, we would all expect the State, the prosecutor, would call witnesses to try to prove its case against you? Do you understand for every witness the State would use, you have a right to see that witness and question that witness?
>
> **Defendant:** Yes.
>
> * * *
>
> **Court:** Alright. So do you understand by entering these pleas of guilty, this one plea of guilty – excuse me – you're giving

-6-

**up your right to see and question all of the State's witnesses, you're also giving up your right to make people come to court to be your witness. Do you understand all of that?**

**Defendant: Uh**

**Court:      Let me break it down.  Do you understand that you're not going to be able to see and question any of the State's witnesses, because when you plead guilty they won't use any witnesses?  Do you understand that?**

**Defendant: Yes sir.**

**Court:      And you also understand by pleading guilty you won't be bringing witnesses in to determine whether you committed this crime, you're just admitting it.  Do you understand that?**

**Defendant: Yes sir.**

**\* \* \***

**Court:      Alright.  Do you understand that by entering this plea you're giving up your right to a trial?**

**Defendant: My question is, sir, is if I don't want a jury trial**

**Court:      Correct. This is what you do when you choose not to have a jury trial.  That's what we're going through now.  There won't be a trial.  Is that what you understand?**

**Defendant: Yes.**

(Change of Plea Tr. Pgs. 6-10).

**{¶14}** The court further questioned Donegan as follows with respect to Crim.R. 11(C)(2)(b):

**Court:** * * * **What I'm saying is at the moment legally you are still innocent, but as soon as we go through this process you will no longer be considered innocent of this charge. Do you understand that?**

**Defendant: Yes sir.**

* * *

**Court: Alright. So do you understand that you would not have to testify if there was a trial? Do you understand that?**

**Defendant: Yeah.**

**Court: Nobody can make you speak.**

**Defendant: I understand.**

* * *

**Court:** * * * **Are you making this plea because someone is threatening you or forcing you to do it, or are you doing this because it's your decision?**

**Defendant: I'm doing this on my own decision.**

**Court: Alright. That's what I want to ask, because I want to make sure nobody is making you do this.**

**Defendant: No.**

**Court: Alright. Very good. And are you doing this, Mr. Donegan, knowing that there is no decision as to what my sentence would be? There's absolutely no decision. That remains to be seen. Do you understand that?**

**Defendant: Yes sir.**

* * *

**Court:** Mr. Donegan, having gone through this whole process now, to the count of gross sexual imposition, as I said, do you plead guilty or not guilty?

**Defendant:** Well on that I pleaded guilty.

\* \* \*

**Court:** So to the charge of gross sexual imposition

**Defendant:** I'm guilty.

**Court:** Alright. So then the Court's going to find – first of all I have to decide whether I think you're acting voluntarily, and you've convinced me you are acting voluntarily, and that nobody's making you do anything

**Defendant:** No.

**Court:** Very good. I understand. And that you are doing this without any knowledge of what the sentence will be, so the Court finds you're doing voluntary action. I also find you have been given all of your constitutional and statutory rights, and you've questioned me about many of those and have then answered the questions appropriately. So the Court's going to find that you have acknowledged that you understand your rights and therefore the Court is going to find that your plea to count two of guilty is knowingly and intelligently and voluntarily based. So we will enter that plea of record now.

(Change of Plea Tr. Pgs. 13 - 15, 22 - 23, 33 - 34).

{¶15} In addition to the trial court's personal advisement (to Donegan) of his constitutional rights, Donegan also reviewed and signed a "waiver of rights and plea of guilty" form (Doc. 30) that contained a recital of his following constitutional and statutory rights:

- Waiver of trial by jury
- Waiver of confrontation and cross-examination of State's witnesses
- Waiver of subpoenaing and/or calling witnesses
- Waiver of State's requirement to prove guilty beyond a reasonable doubt
- Waiver of presumption of innocence
- Waiver of right to remain silent

{¶16} Based upon the trial court's advisement colloquy with Donegan and our review of Donegan's rights waiver form (Doc. 30), we find the record establishes that the requirements of Crim.R. 11(C)(2) have been satisfied in this case. The record reflects that the trial court meticulously inquired of Donegan of his understanding of the nature of the proceedings, his constitutional rights, the maximum punishment involved and the impact of entering a plea of guilty. Further, Donegan reviewed and signed a rights waiver form which duplicated the trial court's advisement of his constitutional rights. Thus, Donegan was properly advised of his Crim.R. 11 rights by the trial court and we find that his plea of guilty was knowingly, intelligently and voluntarily entered. Accordingly, we overrule Donegan's sole assignment of error.

{¶17} Having found no error prejudicial to the appellant herein in the particular assignment of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**